So Ordered.

Patricia C. Williams
Patricia C. Williams
Bankruptcy Judge

Dated: November 19th, 2012

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>LLS AMERICA, LLC,<br>       Debtor.<br>_____<br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br>       Plaintiff,<br>vs.<br>OTTO RATFELDER and DIANE RATFELDER,<br>       Defendants.<br>_____ | No. 09-06194-PCW11<br><br><br><br><br><br>Adv. No. 11-80279-PCW<br><br><br>MEMORANDUM DECISION RE: DEFENDANTS OTTO AND DIANE RATFELDER'S MOTION TO DISMISS (ECF No. 17) |

       This adversary is one of hundreds commenced by the trustee of the LLS America, LLC ("LLS America") bankruptcy estate which adversaries seek to recover money paid by the debtor to certain lenders or investors as part of an alleged Ponzi scheme conducted by the debtor. Defendants Otto and Diane Ratfelder filed a motion to dismiss on December 17, 2011, ECF No. 17.

       In a similar adversary, *Kriegman v. Cooper*, No. 11-80093-PCW, a written decision was entered on July 2, 2012, ECF No. 146, regarding similar motions to dismiss

MEMORANDUM DECISION RE: . . . - Page 1

and an oral decision was rendered on May 24, 2012, ECF No. 118, on the issue of pleading fraud with particularity ("Previous Decision"). The issues regarding dismissal raised in the subject motion are the same as those raised in the Previous Decision. Many of the facts in the Previous Decision are relevant to the subject motion.

By affidavit of Duane Swinton (ECF No. 27), the trustee presented evidence in this case that the defendants loaned or invested $700,000 (CAN) and $50,100 (USD) and 86 promissory notes were issued. In 1,897 distributions occurring from January 2001 to November 2008, the defendants received $8,653,134.94 (CAN) and $650,105 (USD). By declaration (ECF No. 20), the defendants presented evidence that they reside in Canada, rarely travel to the United States, and "virtually all" promissory notes listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

The grounds for dismissal in the subject motion are: (1) ineffective service of process; (2) improper extraterritorial application of United States bankruptcy law; and (3) failure to state the alleged fraud with particularity as required by Fed. R. Civ. P. (9)(b). The reasoning regarding the denial of dismissal based on those grounds is set forth in the Previous Decision and is applicable to the subject motion.

As in the Previous Decision, one basis for the request to dismiss is the lack of personal jurisdiction. Unlike the situation in the Previous Decision, these defendants did not file a proof of claim in the underlying bankruptcy case of LLS America. These defendants did, however, seek affirmative relief in this adversary. As concluded in the Previous Decision, by filing a motion to withdraw reference of this adversary to the District Court for Eastern District of Washington, the defendants requested a determination whether this court or the District Court had authority to enter final orders in this adversary. That motion sought a ruling on a substantive legal issue. By requesting a ruling on the merits of a legal issue in this case, the defendants have consented to the exercise of jurisdiction by the federal courts of the Eastern District of Washington.

MEMORANDUM DECISION RE: . . . - Page 2

The defendants filing the subject motion had sufficient minimum contacts to establish personal jurisdiction. Many of those facts in the Previous Decision are applicable to the defendants in this case. As stated in the Previous Decision and in the court's oral ruling (ECF No. 715) on the Chapter 11 Trustee's Nunc Pro Tunc Motion for Substantive Consolidation of Debtor and Non-Debtor Estates (ECF No. 449) in the underlying LLS America bankruptcy case No. 09-06194-PCW11, the promissory notes generally provided that any one of the group of LLS companies was responsible for repayment. That group of companies was managed and operated in Spokane, Washington. This adversary complaint alleges that the defendants knew or should have known that they were participating in a Ponzi scheme. Unlike the defendants in the Previous Decision, these defendants did not receive commissions, i.e., compensation for soliciting or locating other investors or lenders. However, the economic activity in which the defendants did engage was sufficient to establish minimum contacts for personal jurisdiction. For these reasons, the motion to dismiss is **DENIED**. Counsel for the defendants shall submit an order consistent with this decision.

///END OF MEMORANDUM DECISION///